# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER, | CASE NO. CV-F-04-6580 REC SMS P |
| Plaintiff, | ORDER DIRECTING CLERK'S OFFICE TO RETURN LODGED PROPOSED AMENDED COMPLAINT TO PLAINTIFF |
| v. | |
| DR. M. KIM, et al., | (Doc. 35) |
| Defendants. | |

Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Kim, Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi under the Eighth Amendment. On June 10, 2005, the court issued an order directing the United States Marshal to initiate service of plaintiff's complaint. On June 21, 2005, plaintiff submitted a proposed amended complaint.

There are several problems with plaintiff's attempt to amend. First, an amended pleading supercedes all prior pleadings. Thus, if plaintiff's proposed amended complaint were to be accepted for filing, the original complaint would no longer serve any purpose in this action. Because plaintiff omitted any mention in his amended complaint of the claims that this action is currently proceeding on, plaintiff's current claims would effectively be dismissed from the action if the amended complaint were to be accepted.

Second, the claims set forth in plaintiff's proposed amended complaint occurred in 2005. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), plaintiff may not add new claims that arose after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983. Allowing plaintiff to pursue the claims set forth in the amended complaint would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201. Even if the 2005 claims set forth in the amended complaint had been fully exhausted, plaintiff may not do an end run around the exhaustion requirement by pursuing the claims in this action.[1]

Because plaintiff may not pursue his new claims in this action, the Clerk's Office is directed to return the proposed amended complaint to plaintiff.

IT IS SO ORDERED.

**Dated:   June 23, 2005**                              **/s/ Sandra M. Snyder**
icido3                                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff concedes in the proposed amended complaint that the claims have not been fully exhausted.