UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER,<br><br>                Plaintiff,<br><br>    v.<br><br>DR. M. KIM, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. CV-F-04-6580 REC SMS P<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND DEFENDANTS' COUNSEL A COPY OF EXHIBITS SUBMITTED WITH COMPLAINT<br><br>(Doc. 3)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER SEALING MEDICAL CHART<br><br>(Doc. 56)<br><br>ORDER STRIKING PLAINTIFF'S DECLARATION AND SURREPLY<br><br>(Docs. 58 and 60) |

      Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed on November 12, 2004, against defendants Kim, Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi ("defendants") on plaintiff's claim that they violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. On August 26, 2005, defendants filed a motion to dismiss. In their motion, defendants stated that they were not served with the exhibits plaintiff submitted in support of his complaint. The exhibits should have been provided to the Marshal for service along with the complaint, but were not. The Clerk's Office shall be directed to provide defendants with a copy of the exhibits.

1

On November 28, 2005, plaintiff filed an opposition to defendants' motion to dismiss. On November 29, 2005, plaintiff filed what he entitled an amended opposition, on November 30, 2005, plaintiff filed a declaration, and on December 16, 2005, plaintiff filed a surreply. Plaintiff's self-titled amended opposition relates not to the opposition to defendants' motion to dismiss for failure to exhaust, but to plaintiff's medical records. Plaintiff contends that certain medical records have been removed from his file and he seeks an order sealing his medical chart. Plaintiff has set forth no grounds that support sealing his records. Accordingly, plaintiff's description of the filing as an amended opposition is disregarded, and plaintiff's motion for a court order sealing his medical chart shall be denied.

Plaintiff's declaration addresses an encounter between plaintiff and a sergeant on November 26, 2005, and appears to have been filed solely to notify the court that the sergeant will testify for plaintiff at trial. It is improper to file a declaration such as this, as it is unrelated to any pending matter. If this matter is set for trial, plaintiff will be required to identify his trial witnesses at the appropriate juncture. At this stage, it is premature to address any trial matters. Accordingly, plaintiff's declaration shall be stricken from the record.

Defendants' motion to dismiss was deemed submitted upon the filing of their reply. Local Rule 78-230(m). Absent leave of court, plaintiff may not file a surreply. Given that plaintiff did not seek and was not granted leave of court, plaintiff's surreply shall be stricken from the record.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send defendants' counsel a copy of the exhibits submitted in support of the complaint;

2. Plaintiff's motion for a court order sealing his medical chart, erroneously identified as an amended opposition, is DENIED; and

///
///
///
///
///

3.  Plaintiff's declaration concerning a potential trial witness and plaintiff's surreply are STRICKEN from the record.

IT IS SO ORDERED.

**Dated:   December 22, 2005**           /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE