1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MORRIS LEE MESTER,                    CASE NO. CV-F-04-6580 REC SMS P

10                    Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DEFENDANTS' MOTION
11        v.                              TO DISMISS BE DENIED

12   DR. M. KIM, et al.,                  (Doc. 38)

13                    Defendants.
                                    /
14

15   I.    Defendants' Motion to Dismiss for Failure to Exhaust

16         A.    Procedural History

17         Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19   plaintiff's complaint filed on November 12, 2004, against defendants Kim, Sacks, Neubarth,

20   Nicholes, Robinson, Plaza, and Malfi ("defendants") on plaintiff's claim that they violated the

21   Eighth Amendment by acting with deliberate indifference to his serious medical needs.  On August

22   26, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants

23   filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.

24   (Doc. 38.)  Plaintiff filed an opposition on November 28, 2005,[1] and defendants filed a reply on

25   December 6, 2005.  (Docs. 57, 59.)

26   ///

27

28         [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
     on June 10, 2005.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 32.)

1        B.      Exhaustion Requirement

2        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

3   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4   confined in any jail, prison, or other correctional facility until such administrative remedies as are

5   available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement

6   applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

7   Prisoners must complete the prison's administrative process, regardless of the relief sought by the

8   prisoner and regardless of the relief offered by the process, as long as the administrative process can

9   provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

10  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

11  nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S.

12  at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-

13  1201 (9th Cir. 2002).

14       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

15  defense under which defendants have the burden of raising and proving the absence of exhaustion.

16  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial

17  administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,

18  rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l

19  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In

20  deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

21  beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court

22  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

23  dismissal without prejudice. Id.

24       C.      Discussion

25       In their motion, defendants argue that they are entitled to dismissal of this action in its

26  entirety because plaintiff did not exhaust his claims against them. Defendants contend that none of

27  plaintiff's appeals list Malfi or Plaza, that none of the appeals list the wrongdoing by defendants

28  required to satisfy the exhaustion requirement, and that the appeals which were partially granted at

the lower level of review do not satisfy the exhaustion requirement, as further relief was available

from the appeals process.

1.      Events Between June 23, 2003, and March 4, 2004

In his complaint, plaintiff alleges that he was diagnosed with an inguinal hernia on June 23,

2003, and was referred for surgery.  Plaintiff did not receive surgery until March 9, 2004.  Between

June 23, 2003, and March 4, 2004, plaintiff suffered from severe pain, bouts of constipation,

intestinal blockage, and fecal matter build-up in his chest and abdominal cavities.  Plaintiff alleges

that he was refused treatment on a number of occasions, and his surgery kept being delayed.  Plaintiff

alleges that due to the nature of his medical condition, the failure to provide him with proper

treatment and surgery endangered his health and caused him to suffer needless pain.

The California Department of Corrections has an administrative grievance system for

prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

department's jurisdiction may appeal any departmental decision, action, condition, or policy which

they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at 3084.1(a).

Four levels of appeal are involved, including the informal level, first formal level, second formal

level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5

(2005).  Pursuit of the appeal through the Director's Level of review is not necessarily required for

exhaustion to occur.  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

Plaintiff filed log number 03-02860 on October 20, 2003.  Plaintiff pursued this appeal

through the Director's Level of review, where it was denied on April 19, 2004.  At the Director's

Level, plaintiff's appeal issue was summarized by the reviewer as follows:

> It is the appellant's position that he had a hernia since June 2003.  During a consultation in August 2003, he was told that he would have surgery in two weeks. His hernia is bigger and more painful when he walks, coughs, sneezes, or relieves himself.  It has been five months and he has not had surgery.  The appellant requests that he have surgery, that he remain under a doctor's care afterwards, and that he not be subject to reprisals.

(Doc. 3, Exhibit 22 to Comp., p. 2.)

Satisfaction of the exhaustion requirement does not require that inmates draft grievances with

the precision of an attorney, laying out every fact, identifying every defendant by name, and

1   identifying which constitutional rights were violated by which actions or omissions.  However,

2   satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison

3   personnel on fair notice as to the events that subsequently give rise to suit.

4          The court rejects defendants' position that because they were not individually identified in

5   any appeal and because there actions or omissions were not specifically set forth in any appeal,

6   exhaustion did not occur.  This interpretation of what is required to satisfy the exhaustion

7   requirement was rejected by the Ninth Circuit in Butler v. Adams, 397 F.3d 1181, 1182-83 (9th Cir.

8   2005).  See also Roundtree v. Adams, No.1:01-CV-06502 OWW LJO, 2005 WL 1503926 (E.D.Cal.

9   June 23, 2005).  The appeal form used by plaintiff requires a description of the problem and

10  identification of the action requested.  In this instance, plaintiff's Eighth Amendment claim against

11  defendants arises from his development of a hernia and his alleged need for surgery.  (Exhibit 22 to

12  Comp., p. 4; Def. Exhibit A.)  Although plaintiff did not specifically identify the defendants in the

13  appeal or detail their individual actions or omissions, log number 03-02860 clearly grieved the issue

14  that gave rise to the Eighth Amendment claim in this action.  Accordingly, the court finds that log

15  number 03-02860 exhausted plaintiff's Eighth Amendment claim against defendants.

16              2.    Events After Hernia Surgery on March 4, 2004

17         The court found that plaintiff's complaint states a claim against defendants based on the

18  allegations that between June 23, 2003 and March 4, 2004, plaintiff had a hernia and defendants

19  delayed and/or interfered with plaintiff's need for hernia surgery.  Although plaintiff's complaint

20  contains a few allegations concerning his medical condition following surgery, the court did not

21  make a finding that these allegations stated claims for relief.  In screening the complaint, it was the

22  opinion of the court that plaintiff was proceeding solely on his claim stemming from his hernia and

23  the delay in obtaining surgery.  Further, by virtue of the court's screening orders, plaintiff was on

24  notice that his cognizable Eighth Amendment claim stemmed from his hernia condition and the

25  failure to provide medically necessary surgery for the hernia.  (Docs. 12, 18, 33.)

26         To the extent that plaintiff intended to pursue a claim based on the events following surgery,

27  plaintiff has not set forth any allegations that give rise to a claim for relief.  Plaintiff alleges that on

28  April 2, 2004, defendant Nicholes told plaintiff they knew his hernia was causing serious problems,

1  but did not want to admit it. (Doc. 1, Comp., Attach., p. 8.) Plaintiff alleges that in May of 2004,

2  defendant Kim and defendant Thomas conspired to cover up his intestinal blockage, and that

3  defendant Kim falsely wrote on a radiological report that plaintiff had been given milk of magnesia.

4  (Id., p. 4.) Plaintiff alleges that on May 4, 2004, after the hernia surgery, his abdomen, hands,

5  fingers, calves, and feet became swollen, and that on May 6, 2004, he was admitted to the

6  Correctional Treatment Center by defendant Kim for ascites of the liver. (Id., p. 10.) Plaintiff

7  alleges that when defendant Kim and defendant Neubarth discharged him from the CTC on May 13,

8  2004, his abdomen was still swollen and his condition worsened on May 17, 2004. (Id., p. 11.)

9  Plaintiff alleges that defendant Kim refused to see him. (Id.)

10        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

11  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

12  U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an

13  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

14  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

15  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

16  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

17  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

18  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's allegations do

19  not support a claim that after plaintiff's hernia operation on March 4, 2004, any of the named

20  defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer,

21  511 U.S. at 837. In the event that plaintiff wishes to pursue a claim in this action relating to his

22  medical condition following his hernia surgery, plaintiff is not precluded from seeking leave to

23  amend in accordance with Federal Rule of Civil Procedure 15. However, at this time, no such claim

24  is cognizable under section 1983.

25        D.    Conclusion

26        Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that defendants'

27  unenumerated Rule 12(b) motion, filed August 26, 2005, be DENIED on the ground that exhaustion

28  occurred on April 19, 2004, when plaintiff's appeal was denied at the Director's Level of review.

1    These Findings and Recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3  **days** after being served with these Findings and Recommendations, the parties may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  The parties are advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7  1153 (9th Cir. 1991).

8

9  IT IS SO ORDERED.

10  **Dated:    December 22, 2005**              **/s/ Sandra M. Snyder**
    icido3                                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28