# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. M. KIM, et al.,<br><br>        Defendants.<br>                                 / | CASE NO. 1:04-CV-06580 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 67, 69, and 75) |

Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed November 12, 2004, against defendants Kim, Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi ("defendants") on plaintiff's claim that they violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. On April 12, 2006, plaintiff filed a motion seeking preliminary injunctive relief. (Doc. 67.) Thereafter, plaintiff supplemented his motion on April 26, 2006, May 31, 2006, and June 1, 2006. (Docs. 69, 70, 74, 75.) Defendants filed an opposition on June 29, 2006, and plaintiff filed a reply on July 13, 2006. (Docs. 79, 80, 83.)

In his motions, plaintiff alleges that he has been seeking treatment for peripheral neuropathy. Plaintiff alleges he suffers from swollen calves and hands with a burning sensation throughout his body. (Doc. 67, 1:17-24.) Plaintiff seeks a court order mandating he receive a Doppler study of his leg, a coronary angiogram, stronger pain medication, and a hands-on consult with a neurologist, all of which have been recommended by physicians for his condition but not fulfilled by prison

personnel. (Id., 1:25-2:24.) In his supplemental motion filed April 26, 2006, plaintiff alleges he suffers from ateriosclerotic calcifications and atheromatous plaque formation in the carotid bulbs, and that he needs a carotid endarectomy and a coronary angiogram, and possibly balloon angioplasty. (Doc. 69, pgs. 1-2.)

In their opposition, defendants argue that plaintiff has not met his burden because he has not presented any evidence that he is in imminent danger of irreparable harm. Defendants also submit the declaration of Oscar Barron, who attests that plaintiff's medical records demonstrate that Doppler studies were performed on plaintiff on May 16, 2006, and that plaintiff is scheduled for an evaluation by a neurologist to determine whether angiography is needed. (Doc. 80, Barron Dec., ¶¶4-6.) In his reply, plaintiff argues that defendants have not met their burden of demonstrating he is receiving adequate medical care and that the Doppler studies had nothing to do with the burning sensation he is experiencing and which is at issue in his motion.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

The claims in this action arise from the alleged failure of defendants to provide plaintiff with adequate medical care. Specifically, plaintiff alleges in his complaint that he was diagnosed with an inguinal hernia on June 23, 2003, and was referred for surgery. Plaintiff did not receive surgery until March 9, 2004. Between June 23, 2003, and March 4, 2004, plaintiff suffered from severe pain, bouts of constipation, intestinal blockage, and fecal matter build-up in his chest and abdominal

cavities. Plaintiff alleges that he was refused treatment on a number of occasions, and his surgery kept being delayed. Plaintiff alleges that due to the nature of his medical condition, the failure to provide him with proper treatment and surgery endangered his health and caused him to suffer needless pain.

As set forth by the court in a Findings and Recommendations filed on December 22, 2005, "the court found that plaintiff's complaint states a claim against defendants based on the allegations that between June 23, 2003 and March 4, 2004, plaintiff had a hernia and defendants delayed and/or interfered with plaintiff's need for hernia surgery." (Doc. 62, 4:17-19.) Although plaintiff's complaint contains a few allegations concerning his medical condition following surgery, those allegations do not form the basis of any claims in this action. (Id., 4:19-25.)

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, the events giving rise to the claims in this action occurred between June 23, 2003 and March 4, 2004, and related to plaintiff's hernia and the delay of and/or interference with hernia surgery. The medical issues raised by plaintiff in his motions, issues which occurred in 2005 and 2006 and may be ongoing, are not being litigated in this action, and the preliminary injunction sought by plaintiff would not remedy the claims in this action.[1] The court therefore has no jurisdiction to issue the order sought.

///

---

[1] In his filing of June 1, 2006, plaintiff seeks leave to file a separate section 1983 action, in addition to seeking preliminary injunctive relief in this action. In a separate order issued concurrently with this Findings and Recommendations, the court directed the Clerk's Office to send plaintiff a complaint form. (Doc. 75, 1:15-17.)

Further, even assuming for the sake of argument that plaintiff's motion was properly brought in this action, plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although plaintiff may offer his lay opinion as to the symptoms he is experiencing (e.g., pain, swollen legs, headache, etc.), plaintiff may not offer his opinion as to the underlying medical causes for his symptoms and problems or the appropriate testing and treatment. In addition to his own opinion, most of which is inadmissible, plaintiff has submitted documentary evidence in the

form of medical records. However, plaintiff has not provided any qualified interpretation of the records, and the records themselves do not contain any plain statements that plaintiff is in immediate need of the testing and treatment he seeks and is under significant threat of irreparable harm without the injunction. Thus, plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed April 12, 2006, as supplemented on April 26, 2006, May 31, 2006, and June 1, 2006, be DENIED on the grounds that the court lacks jurisdiction in this action to issue the order sought, and that plaintiff has not met his burden as the moving party.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 7, 2006**              /s/ Sandra M. Snyder
icido3                                                 UNITED STATES MAGISTRATE JUDGE