# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. M. KIM, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-CV-06580-AWI-SMS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND TO COMPEL, WITHOUT PREJUDICE TO RENEWAL<br><br>(Docs. 84 and 89) |

Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed November 12, 2004, against defendants Kim, Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi ("defendants") on plaintiff's claim that they violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. On September 5, 2006, plaintiff filed a motion entitled "Subpoena Motion for Production of Documentary Evidence . . . (Subpoenas Duces Tecum)." (Doc. 84.) Defendants filed an opposition on September 18, 2006. (Doc. 88.) On October 5, 2006, plaintiff filed a motion to compel. (Doc. 89.) Defendants filed an opposition on October 17, 2006. (Doc. 90.) Plaintiff did not file a reply to either opposition.

In his first motion, plaintiff asserts that he served a request for the production of documents on defendants on July 29, 2006. Plaintiff contends that defendants objected on the ground that the documents are in plaintiff's medical file, which is available for plaintiff to review via an Olsen review. Plaintiff contends that he reviewed his filed on August 19, 2005, December 19, 2005, and May 2006, but the documents he is seeking were not in the file. Plaintiff further contends that the

1

1  records relating to plaintiff's hernia and x-rays of plaintiff's intestinal blockage have been removed
2  from his file.  Plaintiff seeks the issuance of a subpoena duces tecum directing a third party to make
3  the documents available to plaintiff.

4        To the extent that plaintiff's motion can be construed as a motion seeking an order
5  compelling defendants to produce the documents, plaintiff's motion must be denied.  It was not
6  accompanied by a copy of the discovery request at issue, defendants' response to the discovery
7  request, or a certification that plaintiff attempted in good faith to resolve the dispute with defendants
8  prior to seeking the court's intervention.

9        Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a
10 subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the
11 United States Marshal given that plaintiff is proceeding in forma pauperis.  Plaintiff must describe
12 the documents he is seeking, which plaintiff has done, and plaintiff must specify from whom he is
13 seeking the documents.  Directing the Marshal's Office to expend its resources personally serving
14 a subpoena is not taken lightly by the court.  In this instance, the court has concerns about futility,
15 as plaintiff has asserted that the documents are not in his medical file.  If the documents are not in
16 his medical file, it is not clear to the court where they would be and the court will not send the
17 Marshal on a fishing expedition.  Plaintiff's motion is denied, without prejudice to renewal
18 accompanied by an offer of proof concerning the existence of the documents and the location of the
19 documents, and a statement concerning upon whom the third party subpoena would be served.

20       In his second motion, plaintiff is seeking to compel a response to a request for the production
21 of documents he served on defendants on July 12, 2006.  Although plaintiff contends that he
22 attempted in good faith to resolve the dispute with defendants prior to seeking the court's
23 intervention, plaintiff has submitted no evidence to support this, and defendants' counsel attests that
24 plaintiff did not attempt to meet and confer with him regarding his dissatisfaction with defendants'
25 response.  Absent evidence in the form of a copy of his correspondence with defendants' counsel
26 and/or a declaration setting forth his specific attempts to resolve the dispute without court
27 intervention, the court finds that plaintiff's motion does not comply with the discovery order.  For
28 ///

1  this reason, plaintiff's motion is denied, without prejudice to re-filing with the requisite evidence that
2  he attempted to meet and confer with defendants' counsel to resolve the discovery dispute.[1]
3      As set forth herein, plaintiff's motions for the issuance of subpoenas duces tecum and to
4  compel, filed September 5, 2006, and October 5, 2006, are HEREBY DENIED, without prejudice
5  to renewal.

7  IT IS SO ORDERED.
8  **Dated:    November 14, 2006**                **/s/ Sandra M. Snyder**
   icido3                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Due to plaintiff's incarceration, meeting and conferring is satisfied by an exchange of letters.

3