# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER,<br><br>               Plaintiff,<br><br>   v.<br><br>DR. M. KIM, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:04-cv-06580-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 92 and 95) |

Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed November 12, 2004, against defendants Kim, Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi ("defendants") on plaintiff's claim that they violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. On December 7, 2006, plaintiff filed another motion seeking preliminary injunctive relief, and on December 22, 2006, plaintiff filed a supplement to the motion.[1] (Docs. 92, 95.) Defendants did not file a response to the December 7 motion. In light of defendants' failure to file a response and the self-reported urgency of plaintiff's motions, and because there is no prejudice to defendants in light of the recommendation that follows, the court shall address plaintiff's motions without waiting twenty-one days from the date plaintiff filed his supplement. Local Rule 78-230(m).

---

[1] The supplement also contained case numbers 1:06-cv-01065-OWW-DLB and 1:06-cv-01084-AWI-WMW in the caption. However, the supplement relates to the motion filed in this case on December 7, 2006. Accordingly, plaintiff's supplement was filed in this action only. If plaintiff wishes to be heard on any issue in one or both of his other cases, he must file a separate motion in that particular case that is complete within itself.

1

In his motion, plaintiff seeks a court order prohibiting unspecified California Department of Corrections and Rehabilitation officials from retaliating against him for litigating this action. In his supplement, captioned as "Urgent Request for Help," plaintiff states that he suffers from peripheral neuropathy, hepatitis C, plaque in the carotid arteries, ateriosclerotic calcifications of the brain and artery, disk disease, osteoarthritis in the hips and pelvis, a nodule in the left lung, and chronic, substantial pain. Plaintiff states that he was denied medical treatment on December 13, 2006, and requests appropriate treatment, in addition to a protective order.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

The court accepts as true that plaintiff has medical problems and the court accepts as sincere plaintiff's belief that he is in need of assistance. The court further recognizes that plaintiff is not an attorney and may not have any in-depth understanding of the legal principles at issue here. However, the court has previously set forth, in clear language, the principles that apply to requests for preliminary injunctive relief and explained to plaintiff why the court does not have the jurisdiction in this action to award plaintiff the preliminary injunctive relief he seeks. Plaintiff may not simply disregard the orders of this court. Plaintiff's persistence in attempting to obtain relief in this action that he has been notified he is not entitled to unnecessarily taxes the court's resources and is an abuse of the judicial process.

///

1  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
2  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
3  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
4  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
5  1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
6  no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
7  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
8  attempt to determine the rights of persons not before the court. " Zepeda v. United States
9  Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In Findings and Recommendations filed on September 11, 2006, the court stated

> The claims in this action arise from the alleged failure of defendants to provide plaintiff with adequate medical care. Specifically, plaintiff alleges in his complaint that he was diagnosed with an inguinal hernia on June 23, 2003, and was referred for surgery. Plaintiff did not receive surgery until March 9, 2004. Between June 23, 2003, and March 4, 2004, plaintiff suffered from severe pain, bouts of constipation, intestinal blockage, and fecal matter build-up in his chest and abdominal cavities. Plaintiff alleges that he was refused treatment on a number of occasions, and his surgery kept being delayed. Plaintiff alleges that due to the nature of his medical condition, the failure to provide him with proper treatment and surgery endangered his health and caused him to suffer needless pain.
>
> As set forth by the court in a Findings and Recommendations filed on December 22, 2005, "the court found that plaintiff's complaint states a claim against defendants based on the allegations that between June 23, 2003 and March 4, 2004, plaintiff had a hernia and defendants delayed and/or interfered with plaintiff's need for hernia surgery." (Doc. 62, 4:17-19.) Although plaintiff's complaint contains a few allegations concerning his medical condition following surgery, those allegations do not form the basis of any claims in this action. (Id., 4:19-25.)

(Doc. 86, 2:24-3:10.)

The claims in this action accrued between June 23, 2003 and March 4, 2004, and relate to plaintiff's hernia and the delay of and/or interference with hernia surgery. The alleged failure to provide plaintiff with medical treatment for his current medical issues and the alleged retaliatory actions currently occurring are not being litigated in this action. Because the events plaintiff is complaining of in his motions are not being litigated in this action, the court has no jurisdiction to

3

1  issue an order aimed at remedying those events.² While other avenues of relief may be available to
2  plaintiff to remedy the events complained of, the issuance of an order by this court in this action is
3  not one of them. In this action, the court has jurisdiction only over plaintiff and defendants Kim,
4  Sacks, Neubarth, Nicholes, Robinson, Plaza, and Malfi, and only as to the claims pending against
5  defendants, which accrued between June 23, 2003 and March 4, 2004.

6  Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for
7  preliminary injunctive relief, filed December 7, 2006, and December 22, 2006, be DENIED, with
8  prejudice, on the ground that the court lacks jurisdiction in this action to issue the order sought.

9  These Findings and Recommendations will be submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
11 **days** after being served with these Findings and Recommendations, plaintiff may file written
12 objections with the court. The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
15 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 **Dated:    January 5, 2007**                 **/s/ Sandra M. Snyder**
   icido3                                        UNITED STATES MAGISTRATE JUDGE

---

² "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). Plaintiff has not met his burden as the moving party, given that plaintiff's motion is vague as to what necessary actions are not being taken and what retaliatory actions are being taken, and by whom, and is not supported by evidence "demonstrat[ing] either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi, 819 F. 2d at 937. However, even if this deficiency was somehow curable, plaintiff would not be entitled, in this action, to the relief he is seeking. The court notes this deficiency for the record, but has chosen not to include it as a basis for recommending denial of the motion, less plaintiff come away with the misunderstanding that if he attempted to cure these deficiencies, he might be entitled in this action to the relief he seeks in his motion.