# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE MESTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. M. KIM, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:04-cv-06580-LJO-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 115) |

　　　Plaintiff Morris Lee Mester ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 15, 2007, defendants filed a motion for summary judgment, and on March 19, 2007, the court granted plaintiff a thirty-day extension of time to file an opposition.  On April 6, 2007, plaintiff filed what he entitled in part an opposition to defendants' motion for summary judgment, and defendants filed a reply on April 12, 2007.  Upon review, the court has determined that the "opposition" is, in large part, a description of why plaintiff cannot adequately oppose defendants' motion at this time and needs additional time.

　　　The claims in this action accrued between June 23, 2003 and March 4, 2004, and relate to plaintiff's hernia and the delay of and/or interference with hernia surgery.  As plaintiff has been told more than once, the court cannot and will not, in this action, issue an order aimed at addressing plaintiff's current conditions of confinement, including his medical care and need for pain medication.  (Docs. 86, 93, 97, 113.)  There is no actual case or controversy before the court pertaining to those issues and the court has no jurisdiction to address those issues.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v.

Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

The court will allow plaintiff additional time to file an opposition. **Plaintiff is placed on notice that the court will not consider two oppositions.** Therefore, if plaintiff files another opposition, his filing of April 6 will not be considered. If plaintiff fails to file another opposition, the court will treat his April 6 filing as the opposition. If plaintiff files a new opposition, defendants may file a new reply.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is GRANTED **thirty (30) days** from the date of service of this order within which to file an opposition to defendants' motion for summary judgment;
2. The court will consider only one opposition to defendants' motion;
3. If plaintiff files another opposition in compliance with this order, his filing of April 6 will not be considered by the court as an opposition; and
4. If plaintiff fails to file an opposition in compliance with this order, the court will treat his April 6 filing as the opposition and defendants' motion for summary judgment will be deemed submitted pursuant to Local Rule 78-230(m).

IT IS SO ORDERED.

**Dated:   April 16, 2007**                               /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE

2